IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STEPHEN D. MASSEY,**

**Plaintiff,**

vs.

**CASSENS & SONS, INC.;
CASSENS CORPORATION;
UNKNOWN COMMERCIAL LESSORS
IN THE CASSENS FAMILY;
UNKNOWN TRAILER AND RATCHET
COMPONENT DISTRIBUTORS/
MANUFACTURERS;
NISSAN NORTH AMERICA, INC.; and
GENERAL MOTORS CORPORATION,**

**Defendants.**                                    **No. 05-CV-598-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

Before the Court is a motion to remand submitted by Plaintiff Stephen D. Massey ("Plaintiff"). (Doc. 12.) Defendant General Motors Corporation ("GM"), one of several Defendants in this case, responds in opposition. (Doc. 26.) For the reasons below, the Court denies Plaintiff's motion.

### II. Background

Plaintiff originally filed his seven-count complaint on August 11, 2005 in Madison County, Illinois Circuit Court, alleging that he suffered various injuries due to Defendants' conduct. (Doc. 2.) A week later, on August 18, 2005, GM

removed this case based on diversity jurisdiction. **28 U.S.C. § 1332**; (Doc. 1.)[1]

The current dispute centers on the question of whether GM's removal was proper. GM removed this case almost immediately after it was filed, before Plaintiff served any party, and despite the presence of two Defendants in this case — Cassens & Sons and Cassens Corporation — that are citizens of Illinois, where this action was brought. (Docs. 1, 12, 26.)[2] Though GM notes **28 U.S.C. § 1441(b)**'s language that removal is improper in diversity cases if a "joined and served" defendant "is a citizen of the State in which such action is brought," it argues that since neither Cassens & Sons nor Cassens Corporation was both joined and served at the time of removal, its removal was proper. (Doc. 26.) Plaintiff disagrees. From his perspective, GM's removal was improper both because GM removed prior to being served and because a case may not be removed where a resident defendant is a party — served or unserved. (Doc. 12.)[3]

### III. <u>Analysis</u>

The federal removal statute, **28 U.S.C. § 1441**, provides that a diversity

---

[1] Plaintiff does not contest diversity jurisdiction. (Doc. 12.)

[2] This type of lawyering is characteristic of this series of lawsuits over the years.

[3] In this case, only one of GM's co-Defendants (Nissan North American) consented to removal. (Doc. 4.) Under a recognized exception to the general rule that consent is required among all defendants, however, unserved defendants need not consent to removal. ***Shaw v. Dow Brands, Inc.***, **994 F.2d 364, 369 (7th Cir. 1993)**; ***P.P. Farmers Elevator Co. v. Farmers Elevator Mut. Ins. Co.,*** **395 F.2d 546, 548 n.3 (7th Cir. 1968)**.

action is removable if the requirements for diversity jurisdiction are met and "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." **28 U.S.C. § 1441(b)**. Thus, if a properly joined-and-served defendant resides in the state where an action is brought, that action may not be removed on diversity grounds. *Id.* This rule — the so-called forum defendant rule — "'reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." ***Spencer v. United States Dist. Ct.*, 393 F.3d 867, 870 (9th Cir. 2004)** (quoting Erwin Chemerinsky, *Federal Jurisdiction* § 5.5 (4th ed. 2003)); *see also* 16 James Wm. Moore et al., *Moore's Federal Practice* ¶ 107.14(2)(e)(i) (3d ed. 1999).

Here, Plaintiff advances two arguments in favor of remand: First, he argues that a defendant may not — as GM has here — remove a case prior to being served. Second, he argues that the presence of an unserved resident defendant forecloses removal. (Doc. 12.)[4]

### A. Removal Before Service

With regard to the first argument, as courts have recognized, nothing in **28 U.S.C. § 1441** or any other statute requires defendants to have been served

---

[4] It is worth noting that when removal jurisdiction is challenged, a court's jurisdiction is measured at the time of removal, and is not affected by subsequent events. *See ****In re Shell Oil*, 966 F.2d 1130, 1133 (7th Cir. 1992)** (citing ***St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)**).

Case 3:05-cv-00598-DRH-PMF Document 58 Filed 02/16/06 Page 4 of 8 Page ID #220

themselves prior to removing a case to federal court. *See* **28 U.S.C. § 1441**; ***Delgado v. Shell Oil*, 231 F.3d 165, 177 (5th Cir. 2000)** (holding that service of process is not a prerequisite to removal); ***Arthur v. Litton Loan Servicing*, 249 F. Supp. 2d 924 (E.D. Tenn. 2002) (Edgar, J.)** (same); ***Robinson v. Quality Ins. Co.*, 633 F. Supp. 572, 576 (S.D. Ala. 1986) (Hand, J.)** (same). In fact, at least one statute related to removal — **28 U.S.C. § 1446** — can be read to explicitly authorize the practice. *See* **28 U.S.C. § 1446(b)** (providing that removal is proper within thirty days of a defendant's receipt, "through service *or otherwise*," of the relevant pleading or other document (emphasis added)); *see also* **28 U.S.C. § 1448** (diminishing the significance of pre-removal service by providing that service may be completed after removal in cases "in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective"). Plaintiff cites no relevant authority suggesting that service is a prerequisite to removal.[5] Accordingly,

---

[5] The cases Plaintiff cites in support of his argument are inapposite and do not address the question of whether service is required prior to removal. *See, e.g.*, ***MP III Holdings v. Hartford Cas. Ins. Co.*, No. 05-1569, 2005 U.S. Dist. LEXIS 10654, 2005 WL 1320127 (E.D. Pa. May 31, 2005) (Shapiro, J.)** (addressing the question of whether a removal was filed too late); ***Piacente v. State Univ. of N.Y.*, 362 F. Supp. 2d 383, 385 (W.D.N.Y. 2004) (Elfvin, J.)** (same). A case Plaintiff's argument relies heavily on, for example, is ***Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999)**. There, the Supreme Court held that the thirty-day period in which a defendant could remove did not commence upon its mere receipt of the complaint. ***Murphy Bros.*, 526 U.S. at 350-51**. The Court plainly did not hold, however, that service is a prerequisite for removal. Plaintiff's argument to the contrary is simply not grounded in ***Murphy Brothers***'s holding. *Id.*; *see also* ***Delgado v. Shell Oil*, 231 F.3d 165, 177**

Page 4 of 8

the Court declines to require that a removing defendant have received service.

### B. Removal in the Presence of an Unserved Resident Defendant

With regard to Plaintiff's second argument, there is similarly nothing in **28 U.S.C. § 1441** barring removal in diversity cases when an unserved resident defendant is present. *See* **28 U.S.C. § 1441**. In fact, just the opposite: as that statute's language clearly provides, if diversity jurisdiction exists, only a "joined *and served*" resident defendant prevents bars removal. **28 U.S.C. § 1441(b)** (emphasis added). Under the statute's plain language, therefore, if a resident defendant is not both joined and served, the forum defendant rule does not apply. *Id.* This is the conclusion that has been reached "virtually uniformly" by federal courts. ***Ott v. Consolidated Freightways Corp.*, 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002) (Lee, J.)**; *see also, e.g.*, ***McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001)** (finding that the presence of an unserved forum defendant does not bar removal); ***Test Drilling Serv. Co. v. Hanor Co.*, 322 F. Supp. 2d. 953, 957 (C.D. Ill. 2004) (Scott, J.)** (same); ***Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 180-81 (S.D.N.Y 2003) (Lynch, J.)** (same); ***In re Bridgestone/Firestone, Inc. Tires Products Liability Litig.*, 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002) (Baker, J.)** (same); ***Wensil v. E.I. Dupont De Nemours***

---

**n.23 (5th Cir. 2000)** ("In [***Murphy Brothers***] the Supreme Court found that mere receipt of a complaint unattended by any formal service did not trigger a defendant's time to remove a case from state court. But the decision did not address whether service was a prerequisite for a defendant to be able to remove a case.").

***& Co.*, 792 F. Supp. 447, 449 (D.S.C. 1992) (Shedd, J.)** (same); ***Republic West. Ins. Co. v. International Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) (Ware, J.)** (same); 7 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3723 ("[A] resident defendant who has not been served may be ignored in determining removability."). This Court agrees. The presence of two unserved resident Defendants in this case does not prohibit removal.[6]

### C.   Policy Considerations

Both of Plaintiff's primary arguments disposed of, one final question remains. Though, as noted above, several courts have been confronted with circumstances in which either a defendant seeks to remove prior to having been served, or a defendant in a diversity case seeks to remove when an unserved resident defendant is present, this Court is aware of few courts to consider these facts in concert. That is, while courts have routinely explored the separate questions of whether removal is proper prior to service, and whether removal is appropriate in diversity cases with an unserved resident defendant, rarely have they considered the implications of removal in a diversity case where both a resident defendant is present

---

[6] Plaintiff, in opposition, argues that "a majority" of courts to consider this issue have found that the presence of an unserved forum defendant defeats removal. While that was the position taken by a district court in ***Oxendine v. Merck & Co.*, 236 F. Supp. 2d 517, 524 (D. Md. 2002) (Davis, J.)**, one of the few cases to side with Plaintiff, it does not appear to be correct. *See, e.g.*, 7 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (stating the general rule that unserved forum defendants may be ignored).

and removal takes place before any party is served. Those are the current facts.

Recently, however, a district court in the Northern District of Illinois was confronted with just such a case. There, in **Holmstrom v. Harad, No. 05-C-2714, 2005 U.S. Dist. LEXIS 16694, 2005 WL 1950672 (N.D. Ill. Aug. 11, 2005) (Aspen, J.)**, the court found that while the presence of an unserved resident defendant normally does not defeat removal, that fact, when coupled with the fact that the removing defendant itself had not itself been served, was sufficient to warrant remand. **Holmstrom, 2005 U.S. Dist. LEXIS 16694, at *3-8**. The district court, in other words, carved out a limited exception to the rule that an unserved resident defendant does not defeat removal in diversity cases, for precisely the instant facts — where *no* defendant has been served as of removal. At least one other district court has reached an identical conclusion. *See* **Recognition Comm., Inc. v. American Auto. Ass'n, No. 97-CV-0945, 1998 U.S. Dist. LEXIS 3010, 1998 WL 119528 (N.D. Tex. March 5, 1998) (Solis, J.)**.

Respectfully, this Court must disagree. While an argument can be made that the likely policy underlying the "joined-and-served" requirement is not implicated by the current facts,[7] the Court is constrained by the language of **28**

---

[7] The **Holmstrom** court determined that the policy behind the joined-and-served requirement is that a plaintiff should not be allowed to avoid federal diversity jurisdiction simply by suing a token resident defendant who she never intends to actually serve. Because that policy is only implicated in situations where nonresident defendants, but not resident defendants, have been served, the court's argument continues, it is not at issue when no party has received service (as was the case in **Holmstrom** and is the case here). **Holmstrom, 2005 U.S.**

**U.S.C. § 1441**.  That language is clear and unambiguous: where complete diversity is present — as it is in this case — only the presence of a "joined-and-served" resident defendant defeats removal.  **28 U.S.C. § 1441(b)**.  Here, no such defendant was present when this case was removed.  The statute contains no proviso, and, given its clarity, it is not this Court's role to insert one.  *See **Connecticut Nat'l Bank v. Germain**, 503 U.S. 249, 253-54 (1992)*.  Nor is it this Court's place to require, contrary to at least the language of **28 U.S.C. § 1446(b)**, that a defendant be served prior to removal.  *Id.*  Instead, this Court must be faithful to the language Congress actually employed.  In this instance, that language provides no basis for remand.

### IV. Conclusion

Accordingly, for the reasons set forth above, the Court **DENIES** Plaintiff's motion to remand.  (Doc. 12.)

**IT IS SO ORDERED**.

Signed this 16th day of February, 2006.

/s/        David   RHerndon
**United States District Judge**

---

**Dist. LEXIS 16694, at \*5-7**.  *See also **Stan Winston Creatures**, 314 F. Supp. 2d at 181*.