IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STEPHEN D. MASSEY**

**Plaintiff,**

**vs.**

**CASSENS & SONS, INC.;**
**CASSENS CORPORATION;**
**UNKNOWN COMMERCIAL LESSORS**
**IN THE CASSENS FAMILY;**
**UNKNOWN TRAILER AND RATCHET**
**COMPONENT DISTRIBUTORS/**
**MANUFACTURERS;**
**NISSAN NORTH AMERICA, INC.; and**
**GENERAL MOTORS CORPORATION,**

**Defendants.**                              No. 05-CV-598-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

Now before the Court are two motions to dismiss, one submitted by Defendant Cottrell, Inc. ("Cottrell"), and one submitted by Defendant KSC Leasing ("KSC"). (Docs. 46, 67.) Plaintiff Stephen Massey ("Plaintiff") responds in opposition. (Docs. 61, 71.) For the reasons below, the Court denies Defendants' motions.

### II. Background

Plaintiff, an employee of Cassens Transport Company, alleges that he was injured while operating a chain-and-rachet tie-down system during the ordinary

course of his employment. (Doc. 24, ¶ 9.) On August 11, 2005 he brought suit against the above-named Defendants in Madison Count Circuit Court. (Doc. 2.) Defendant General Motors removed the case seven days later. Then, on October 12, 2005, Plaintiff amended his Complaint. Plaintiff's eight-count Amended Complaint currently asserts defective-product, negligence, and other claims against Defendants. (Doc. 24.)

### III. Analysis

#### A. Motion to Dismiss Standard

When ruling on a motion to dismiss for lack of subject matter jurisdiction under **Federal Rule of Civil Procedure 12(b)(6)**, a court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in plaintiff's favor. ***Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001)**. The court must then determine "whether relief is possible under any set of facts that could be established consistent with the allegations." ***Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir 1992)** (citing ***Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)**). A motion to dismiss tests the sufficiency of the complaint, not its merits. ***Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)**. A claim may be dismissed only if it is beyond doubt that under no set of facts would a plaintiff's allegations entitle her to relief. ***Travel All over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir. 1996)**. To survive a motion to dismiss, "[c]omplaints need not plead

facts and need not narrate events that correspond to each aspect of the applicable legal rule." *Kolupa v. Roselle Park Dist.*, **438 F.3d 713, 715 (7th Cir. 2006)**.

### B. Cottrell's Motion to Dismiss (Doc. 46)

Cottrell's motion to dismiss argues that Tennessee's statute of limitations applies here, and thus that Plaintiff's action is prohibited.[1] Plaintiff disagrees. He argues that Illinois, not Tennessee, law should apply here, and that under Illinois law, his action is not time-barred.[2]

In ascertaining which state's law applies here, it should first be noted that Plaintiff's contention that the two-year Illinois statute should apply here because statutes of limitations are procedural, not substantive, is unfounded. As Illinois's borrowing statute, **735 Ill. Comp. Stat. 5/13-210**, makes clear, the Illinois statute of limitations does not automatically apply in every Illinois case. Instead, "[w]hen a cause of action has arisen in a state or territory out of this State, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State." **735 Ill. Comp. Stat. 5/13-210**. Under this language, if another state's law applies, and that

---

[1] Cottrell's motion to dismiss also argues that Tennessee's statute of repose applies here. However, Cottrell later retracts that argument. (Doc. 66 n.1.)

[2] Plaintiff also maintains (1) that even if Tennessee law does apply, a provision extending that state's one-year statute of limitations by ninety days applies in this instance; and (2) even if Tennessee law applies and the ninety-day extension does not, his inclusion of "Unknown Trailer and Ratchet Distributors/Manufacturers" as a Defendant in his initial Complaint satisfies Tennessee's statute of limitations.

state has a statute of limitations barring an action, then Illinois courts "borrow" the statute and prevent the action from going forward.

The question, then, is which state's law applies. To make this determination, the Court must use the choice of law rules of the forum state, Illinois. ***Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941)**; ***Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006)**. Those rules instruct courts to assess which forum has the "most significant relationship" to the case. ***Id.*** (quoting ***Esser v. McIntyre*, 169 Ill. 2d 292, 661 N.E.2d 1138, 1141 (Ill. 1996)**). "'Under this test, the law of the place of injury controls unless Illinois has a more significant relationship with the occurrence and with the parties.'" ***Id.*** Four factors weigh in a court's decision: "'(1) where the injury occurred; (2) where the injury-causing conduct occurred; (3) the domicile of the parties; and (4) where the relationship of the parties is centered.'" ***Id.*** "The court evaluates these factors 'in light of the policies underlying the laws of those jurisdictions.'" ***Id.***

Using these factors, the Court cannot, at this juncture, determine which state's law should apply. Though it is clear from the Complaint that the accident occurred in Tennessee, the Complaint provides insufficient information to determine whether the second, third, and fourth factors above militate in favor of applying Illinois or Tennessee law. While the Complaint alleges that Cottrell is a Georgia corporation with its principal place of business in Georgia, for example, it provides no hint about where the injury-causing conduct might have occurred. Likewise,

Plaintiff's domicile is not alleged in the Complaint, which similarly contains no allegation that would allow the Court to determine where the parties' relationship was centered.

Absent such information, it is not beyond doubt that Tennessee law applies here. Since, if Illinois law were to apply, Illinois's two-year statute of limitations would permit Plaintiff's action, *see* **735 Ill. Comp. Stat. 5/13-202**, and dismissal thus depends on which state's law applies, Cottrell's motion must be denied at this time.

### C. KSC Leasing's Motion to Dismiss (Doc. 67)

Defendant KSC offers two reasons why Plaintiff's action should be dismissed. First, it raises the same statute-of-limitations argument Cottrell asserts, arguing that the Tennessee statute applies and that Plaintiff's action is untimely. For the reasons above, the Court declines to presently adopt that argument.

Second, KSC argues that Count I of Plaintiff's Complaint should be dismissed pursuant to **735 Ill. Comp. Stat. 5/2-621**, the Illinois "seller's exception" requiring that nonmanufacturer defendants be dismissed from products-liability actions unless various criteria are met. In making this argument, KSC executes quite a turnabout. While in the first part of its motion it argues that Tennessee law applies, in the second part it maintains that an Illinois statute bars Plaintiff's suit. KSC offers no explanation as to how it arrived at the conclusion that both states' laws apply. Then, in its reply, it assets a new argument — that Tennessee's seller's exception,

**T.C.A. § 29-28-106(b)**, bars Plaintiff's action.

It should be pointed out, to begin with, that the Local Rules of this District strictly prohibit surreply briefs, *see* L.R. S.D. Ill. 7.1(c). Accordingly, this Court will not entertain new arguments first presented at the reply stage. *See, e.g.*, *Parrillo v. Commercial Union Ins. Co.*, **85 F.3d 1245, 1250 (7th Cir. 1996)** (holding that new arguments on reply are waived in the appellate context). Thus, the Court will not consider KSC's new argument that Tennessee's seller's exception mandates dismissal. Doing so would deprive Plaintiff of the opportunity to weigh in on that topic.

The Court also must decline to grant KSC's motion to dismiss on the ground that the Illinois seller's exception applies here. As the Court has previously discussed, it is unclear, at this time, which state's law applies. As such, the Court cannot presently invoke an Illinois statute, **735 Ill. Comp. Stat. 5/2-621**, as a basis for dismissal.

## IV. Conclusion

Therefore, for the foregoing reasons the Court **DENIES** Defendant Cottrell's motion to dismiss (Doc. 46) and **DENIES** Defendant KSC's motion to dismiss (Doc. 67).

**IT IS SO ORDERED**.

Signed this 21st day of August, 2006.

/s/       David   RHerndon
**United States District Judge**