IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEPHEN D. MASSEY,

Plaintiff,

vs.                                                              NO.  05-CV-598-DRH

CASSENS & SONS, INC. et al.,

Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is Defendant General Motors Corporation's motion for summary judgment. (Doc. 80.)  Plaintiff filed a response stating that he does not oppose the motion. (Doc. 104.)  In addition, this Court has granted summary judgment for General Motors in several cases in which the plaintiffs pled theories identical to those currently before this Court: *See Polson v. Cottrell, Inc.*, No. 04-CV-882-DRH, (S.D. Ill. May 18, 2005); *Sanders v. Ryder System Inc.*, No. 00-CV-0302-DRH (S.D. Ill. Apr. 5, 2001); *Sweeney v. Ryder Automotive Operations, Inc.*, No. 98-4213-DRH, (S.D. Ill. Nov. 6, 2000); *Gruber v. Ryder System, Inc.*, **No. 99-310-DRH (S.D. Ill. Nov. 6, 2000).**  Thus, the Court finds that General Motors is entitled to summary judgment on Count VI, Plaintiff's only claim against it.

1

In addition, in Plaintiff's response (Doc. 104), Plaintiff also moved in limine to preclude attempts by Defendant Cottrell to blame auto manufacturers, or the trailer purchasers which ordered trailers in conformity with auto manufacturer requirements or to reference industry standards at trial.

A manufacturer's obligation to manufacture and sell a product which is not unreasonably dangerous cannot be delegated, so it is not a defense to the manufacturer that another person, including the claimant's employer failed to make it free from unreasonably dangerous conditions. ***Turney v. Ford Motor Co.*, 94 Ill. App. 3d 678, 684 (Ill. App. 1981)**. The defense that contributory fault or negligence of a worker's employer was the sole or proximate cause of a claimant's injury cannot be asserted when defendant did not file a third-party action. ***Roberston v. General Tire and Rubber Co.*, 123 Ill. App. 3d 11, 16-17 (Ill. App. 1984).** Because this Court's grant of summary judgment in favor of General Motors removes General Motors as a party to this case, the remaining Defendants cannot proceed with the "empty chair" defense. Thus, the Court **GRANTS** Plaintiff's motion in limine.

Accordingly, the Court **GRANTS** General Motors Corporation's motion for summary judgment. (Doc. 80.) The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of General Motors Corporation and

against Plaintiff Stephen Massey on Count VI at the close of the case. Further, the Court **GRANTS** Plaintiff's motion in limine. (Doc. 104.)

**IT IS SO ORDERED**.

Signed this 23rd day of February, 2007.

/s/      David  RHerndon
**United States District Judge**