# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STEPHEN D. MASSEY,**

**Plaintiff,**

**v.**                                                                                  **No. 05-CV-598-DRH**

**CASSENS & SONS, INC., et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

On October 12, 2005, Plaintiff Stephen D. Massey ("Massey") filed his Amended Complaint against multiple defendants including Cassens Corporation (Doc. 24). The Complaint alleges various causes of action stemming from injuries Massey sustained on September 15, 2004, while operating a rig during his course of employment with Cassens Transport Company. The Complaint alleges that a different but related company, Cassens & Sons, Inc. ("Cassens & Sons"), along with Cassens Corporation, placed the rig which inflicted Massey's injuries into the stream of commerce. The Complaint further alleges that Cassens Corporation should be held liable for any damages attributable to Cassens & Sons because the companies are "alter egos" of each other.

On August 21, 2006, Cassens Corporation filed its Motion for Summary

1

Judgment (Doc. 91). In the Motion, Cassens Corporation put forward evidence showing that it was merely a holding company formed for the sole purpose of filing consolidated tax returns; that it had no employees; that it performed no operations and as such exercised no control over affiliated corporations; and that it was not the owner, lessor, or distributor of the rig Massey contends caused his injury. Therefore, it argued there were no genuine issues as to material facts, and it was entitled to summary judgment. In response, Massey asserted that Cassens Corporation was the parent company of affiliated Cassens corporations, that the companies share personnel, and that Cassens Corporation exercised control over affiliated companies "above and beyond the control exercised by a parent as an incident of ownership." (Doc. 109).

## II. Analysis

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** ***Oats v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997)** (citing ***Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)**). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. ***Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)** (citing ***Celotex*, 477 U.S. at 323**). In reviewing a summary judgment motion, the Court does not determine the

truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. *Celex Group, Inc. v. Executive Gallery, Inc.*, **877 F. Supp. 1114, 1124 (N.D. Ill. 1995) (Castillo, J.)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant. *Regensburger v. China Adoption Consultants, Ltd.*, **138 F.3d 1201, 1205 (7th Cir. 1998)** (citing *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986)**).

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in his pleadings. Rather, she must show through specific evidence that an issue of fact remains on matters for which she bears the burden of proof at trial. *Walker v. Shansky*, **28 F.3d 666, 670-71 (7th Cir. 1994),** *aff'd*, **51 F.3d 276** (citing *Celotex*, **477 U.S. at 324**). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson*, **477 U.S. at 249-50** (citations omitted); *accord* *Starzenski v. City of Elkhart*, **87 F.3d 872, 880 (7th Cir. 1996)**; *Tolle v. Carroll Touch, Inc.*, **23 F.3d 174, 178 (7th Cir. 1994)**. "[Nonmovant's] own uncorroborated testimony is insufficient to defeat a motion for summary judgment." *Weeks v. Samsung Heavy Indus. Co.*, **126 F.3d 926, 939 (7th Cir. 1997)** . Further, the non-moving party's own subjective belief does not create a genuine issue of material fact. *Chiaramonte v. Fashion Bed Group, Inc.*, **129 F.3d 391, 401 (7th Cir. 1997)**. However, when all the Court has

3

before it are the diametrically opposed statements of the parties on the critical and ultimate issues of fact, the Court, not in a position to make credibility findings, must pass the case to the next phase of litigation.

The determination of whether veil-piercing is appropriate is governed by Illinois corporate law. ***Van Dorn Company v. Future Chemical and Oil Corp.*, 753 F.2d 565, 569 (7th Cir. 1985)**. In Illinois, "a corporation is a legal entity separate and distinct from its shareholders, directors and officers, and, generally, from other corporations with which it may be affiliated." ***Id.* (citing *Main Bank of Chicago v. Baker*, 427 N.E.2d 94 (Ill. 1981))**. However, a corporations' separate and distinct entity will be disregarded and the veil of limited liability pierced when two requirements are met:

> First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual [or other corporation] no longer exist; and second, circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.

***Van Dorn*, 753 F.2d at 569-70 (quoting *Macaluso v. Jenkins*, 420 N.E. 2d 251, 255 (Ill. 1981))**.

a. Unity of Interest

In Illinois, corporations are treated as separate legal entities even where one corporation wholly owns the other and the two corporations have mutual dealings.

***In re Rehabilitation of Centaur Insurance Co.*, 632 N.E.2d 1015, 1017 (Ill. 1994)**. The threshold for proving unity of interest is high:

> Generally, before the separate corporate identity of one corporation will be disregarded and treated as the alter ego of another, it must be shown that it is so controlled and its affairs so conducted that it is a mere instrumentality of another, and it must further appear that observance of the fiction of separate existence would, under the circumstances, sanction a fraud or promote injustice.

***Main Bank of Chicago*, 427 N.E.2d at 101**.

In determining whether there is a sufficient degree of control by one corporation over another to justify disregarding their separate corporate identities, Illinois courts consider the following factors: (1) the failure to maintain adequate corporate records or to comply with corporate formalities, (2) the commingling of funds or assets, (3) undercapitalization, and (4) one corporation treating the assets of another corporation as its own. ***Van Dorn*, 753 F.2d at 570**.

Put simply, Massey has failed to put forth evidence demonstrating that any of these relevant factors are present. As such, there is no good reason to hold Cassens Corporation liable for the alleged wrongs of other affiliated, but distinct, corporations. Cassens Corporation has shown in affidavits and depositions that it performed no operations and exercised no control over Cassens & Sons; rather, it was a holding company and existed for the sole purpose of filing a consolidated tax

return. In response, Massey insists, without any substantiating evidence, that Cassens Corporation "directly controlled the actions of Cassens and Sons by forcing it to handle the sales of rigs." (Doc. 109). This allegation is insufficient to survive a motion for summary judgment. **See Drake v. Minnesota Mining & Mfr. Co., 134 F.3d 878, 887 (7th Cir. 1998) (defeating summary judgment "demands something more than the bald assertion of the general truth of a particular matter," and instead "requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted."); Sea-Land Services, Inc. v. The Pepper Source, Caribe Crown, Inc., 941 F.2d 519, 522 (7th Cir. 1991) ("opponents to summary judgment motions cannot simply rest on their laurels, but must come forward with specific facts showing that there is a genuine issue for trial.")**.

No specific, concrete facts have been put forth by Massey that would indicate Cassens Corporation failed to maintain corporate records and adhere to formalities, commingled its assets with Cassens & Sons, was undercapitalized, or treated Cassens & Sons's assets as if they were its own. Massey has, however, alleged that Cassens Corporation was the sole shareholder and corporate parent of Cassens & Sons, and that several Cassens family members were affiliated with both corporations. This, too, is insufficient. Illinois courts have consistently held in the context of parent-subsidiary relationships that allegations of unity of interest which are based on mere corporate ownership or mutual directorship are insufficient to

6

justify veil-piercing. **See, e.g., Logal v. Inland Steel Indus., Inc., 568 N.E.2d 152 (Ill. App. 1991) (holding veil-piercing inappropriate for failure to prove subsidiary was the "mere alter ago or instrumentality of its parent" when companies shared exact same board of directors and eight of nine officers (including the president, chairman, and chief executive officer), maintained their principal office in the same city, issued stock certificates from the same batch of one company's paper, and commingled benefit plans and trademarks.**). Therefore, the "unity of interest" prong of Illinois's veil-piercing test has not been satisfied.

**b. Sanctioning of fraud or promotion of injustice**

Even if this Court were compelled to find that Cassens Corporation exercised such control over Cassens & Sons that the latter was a mere alter ego or instrumentality of the former, veil-piercing is still inappropriate unless failure to do so would "sanction a fraud or promote injustice." **Van Dorn, 753 F.2d at 570**. In ***Sea-Land Services, Inc. v. The Pepper Source, Caribe Crown, Inc.,*** the Seventh Circuit found substantial evidence that defendant Marchese's corporations satisfied the "unity of interest" prong of Illinois's veil-piercing test. **941 F.2d 519 (7th Cir. 1991).** Describing Marchese's various corporations as little more than his "playthings," the court noted that the corporations never held meetings; all were run from the same, single office; all consistently "borrowed" money from each other and "loaned" money to Marchese interest free; and all were used to pay Marchese's

7

personal expenses. *Id.* at 521. Still, the court reversed the district court's finding that veil-piercing was appropriate, emphasizing that the record did not support a summary judgment finding that veil-piercing was necessary to "promote injustice":

> [T]he district court held that it was enough that "Sea-Land would be denied a judicially-imposed recovery." . . . But that cannot be what is meant by "promote injustice." The prospect of an unsatisfied judgment looms in every veil-piercing action; why else would a plaintiff bring such an action? Thus, if an unsatisfied judgment is enough for the "promote injustice" feature of the test, then *every* plaintiff will pass on that score, and *Van Dorn* collapses into a one-step "unity of interest and ownership" test.

*Id.* at 522-23.

The court concluded that something more than the prospect of an unsatisfied judgment was required to satisfy the second prong of the test: "Some element of unfairness, something akin to fraud or deception or the existence of a compelling public interest must be present in order to disregard the corporate fiction." **Id. at 523 (quoting *Pederson v. Paragon Pool Enterprises*, 574 N.E.2d 165, 169 (Ill. App. 1991)**.

No such element of unfairness, fraud, or deception is even hinted at in the pleadings, affidavits, or depositions before this Court today. As such, Cassens Corporation's separate legal existence will not be disregarded, and it cannot be held

liable for the alleged wrongs of its subsidiary.

### III. Conclusion

Based on the record and case law, the Court **GRANTS** Defendant Cassens Corporation's Motion for Summary Judgment (Doc. 91). The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of Cassens Corporation and against Plaintiff Stephen Massey on Counts I, II, III, IV, and VIII at the close of the case.

**IT IS SO ORDERED.**

Signed this 12th day of March, 2007.

/s/    David   RHerndon
**United States District Judge**